UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION | CASE NO. M:05-CV-01699-CRB<br><br>MDL No. 1699 |
|---|---|
| This Order Relates to:<br><br>ALL CASES. | **PRETRIAL ORDER NO. 2: INITIAL CASE MANAGEMENT AND ORGANIZATION OF COUNSEL** |

## I. SCOPE OF ORDER

1. This Order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation ("the Panel") pursuant to its Transfer Orders of September 6, 2005, any "tag-along" actions transferred to this Court by the Panel pursuant to the Panel's Rules of Procedure, and all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto.

2. This Order and all subsequent Case Management Orders shall be binding on all parties and their counsel in all cases currently pending or subsequently transferred to *In Re: Bextra and Celebrex Marketing, Sales Practices and Product Liability Litigation, MDL No. 1699* and shall govern each case in the proceedings unless they explicitly state that they relate to specific cases.

## II. CASES BEFORE THIS COURT

3. The Court will be guided by the *Manual for Complex Litigation, Fourth* ("*MCL 4th*") (2004 ed.), as well as by the Civil Local Rules of Court for the United States District Court for the Northern District of California ("the Civil Local Rules"). Counsel are directed to familiarize themselves with the *MCL 4th*, this Order, and the Civil Local Rules.

4. The inclusion of any action in *In Re: Bextra and Celebrex Marketing, Sales Practices and Product Liability Litigation, MDL No. 1699*, whether such action was or will be filed originally or directly in the United States District Court for the Northern District of California or was or will be transferred or removed from some other court, shall not constitute a determination by this Court that jurisdiction or venue is proper in this District. No reference in this Order to actions filed originally or directly in the United States District Court for the Northern District of California shall constitute a waiver of any defendant's contention that jurisdiction or venue is improper and/or that the action should be dismissed or transferred, or any plaintiff's contention that jurisdiction or venue is proper.

5. The Court requests the assistance of all counsel in calling to the attention of the Clerk of this Court the filing, removal, or transfer of any case of which they become aware which might properly be consolidated with *In Re: Bextra and Celebrex Marketing, Sales Practices and Product Liability Litigation, MDL No. 1699*. To that end, prior to each Status Conference or upon request of the Court, Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel shall jointly update the master case list.

## III. FILING AND SERVICE; MOTION PRACTICE

6. Until further Order of this Court, the parties shall serve all papers that are not to be filed with the Court pursuant to Federal Rule of Civil Procedure 5(d), including but not limited to disclosures under Rule 26, deposition notices, interrogatories, requests for documents, requests for admission, responses thereto, and certificates of service thereof, by electronic mail on Plaintiffs' Liaison Counsel and Defendants' Liaison

Counsel. Where a paper is applicable to all cases, substantially all cases, a category of cases as discussed in Pretrial Order No. 1, or such categories as may be defined in subsequent Orders, Plaintiffs' Liaison Counsel shall also electronically serve such paper on counsel of record for individual plaintiff(s) to whom the paper is applicable. Where a paper to be served by Defendants is applicable to a particular case, Defendants' Liaison Counsel shall electronically serve such paper on the counsel of record for the individual plaintiff(s) in that case as well as Plaintiffs' Liaison Counsel. The parties shall further meet and confer to identify an electronic method for serving and archiving papers that are not to be filed with the Court, such as the service offered by Lexis-Nexis, which shall be the subject of a further Order by this Court.

7. Counsel who appeared on behalf of defendants Pfizer Inc., Pharmacia & Upjohn Co., Pharmacia & Upjohn Co., LLC, Pharmacia Corp., G.D. Searle & Co., and/or G.D. Searle, LLC in any case prior to the transfer of such case to this Court (or who appear on behalf of such defendants in cases that are later transferred to this Court prior to such transfer) are hereby relieved from the obligation to register for Electronic Case Filing imposed in paragraph 9 of Pretrial Order No. 1. Defendants' Liaison Counsel shall distribute any papers filed in these proceedings to such counsel as she deems necessary and appropriate.

8. To obtain a hearing date for all motions, including non-dispositive motions, Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel shall meet and confer on dates available to counsel. Once they have agreed to several dates, Liaison Counsel for the moving party shall call the Court's Deputy Clerk, Barbara Espinoza, to obtain a hearing date.

9. Absent a specific briefing schedule as agreed to by Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel or ordered by the Court for a specific motion, all motions, other than dispositive motions, shall be filed not less than thirty-five (35) calendar days before the hearing date. Responses to all contested motions, other than dispositive motions, shall be filed not less than twenty-one (21) calendar days before the

hearing date. A reply to a response to any motion shall be filed not less than fourteen (14) calendar days before the hearing date. These times may be extended by stipulation and/or by order of the Court, on a reasonable basis. The briefing schedule for any dispositive motions shall be specially set by the Court.

10. All parties shall have an ongoing obligation to meet and confer with Plaintiffs' Liaison Counsel, Defendants' Liaison Counsel, and any other party to whom a motion may be directed on any application or motion in an effort to resolve outstanding issues before bringing them to the Court. The moving party shall have an obligation to certify in the moving papers that such meet and confer took place and identify which party or parties oppose the application or motion. No application or motion may be brought by any party except in accordance with the provisions of this section, unless otherwise ordered by the Court or agreed to by Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel.

11. No pleadings or other papers shall be filed or discovery conducted concerning liability on behalf of all plaintiffs except as prepared on behalf of the Plaintiffs' Steering Committee ("PSC") and signed by Plaintiffs' Liaison Counsel.

**IV.  STATUS CONFERENCES AND AGENDAS**

12. This Court will convene periodic Status Conferences on the request of Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel or on its own motion, with Plaintiffs' Liaison Counsel to give notice of such scheduled Status Conferences to the Master Service List. In order to aid the Court and the parties in preparing for future conferences, Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel shall confer at least ten calendar days prior to each future status conference to attempt to agree upon a proposed agenda for the conference. The parties shall submit a joint agenda to the extent they agree, and separate agendas for items on which they do not agree, not less than three court days prior to the conference. The agendas are intended to aid the Court in informing itself of the items or issues which the parties desire to raise at the Status Conference, and the Court may amend or augment the agendas as it deems appropriate.

## V.   ORGANIZATION OF PLAINTIFFS' COUNSEL

### A.   Plaintiffs' Steering Committee

13.   To act on behalf of plaintiffs with the responsibilities described below, the Court initially designates the following counsel to serve as the Plaintiffs' Steering Committee ("PSC"): Richard J. Arsenault, Don Barrett, Steve W. Berman, Peter W. Burg, Thomas P. Cartmell, Michael A. Galpern, Carlene Rhodes Lewis, Tina Bailer Nieves, Frank M. Pitre, Kristian W. Rasmussen, Mark Robinson, Christopher Seeger, and Paul Sizemore.  These PSC members reflect the array of actions that the Panel has transferred to this Court, and include representatives of plaintiffs with products liability claims and purchase claims.  This Court may amend or expand the PSC upon request from the PSC, or on its own motion, if and as circumstances warrant.

### B.   Plaintiffs' Liaison Counsel and Trial Counsel

14.   The Court designates Elizabeth J. Cabraser as Plaintiffs' Liaison Counsel and Joseph W. Cotchett as Plaintiffs' Trial Counsel.

15.   The PSC is chaired by Plaintiffs' Liaison Counsel who is vested by the Court with the authority and duty to coordinate and oversee the responsibilities of the PSC set forth below; to schedule PSC meetings and keep minutes or transcripts of these meetings; to appear at periodic Court-noticed status conferences and hearings; to sign and file pleadings relating to all actions; and to bind the PSC in scheduling depositions, setting agendas, entering into stipulations, and in other necessary interactions with defense counsel.  She shall perform other necessary administrative and logistic functions of the PSC and carry out any other duty as the Court may order.

16.   The Liaison Counsel, Trial Counsel, and PSC designations are of a personal nature.  Accordingly, this Court looks to these counsel to undertake personal responsibility to perform the designated functions and reserves the discretion to replace them, on their own request or this Court's own motion, should they become unable to do so.

17.   In addition to the duties described elsewhere in this Order and in Pretrial

Order No. 1, Plaintiffs' Liaison Counsel shall have the following duties and responsibilities.

    a.   Establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel upon reasonable request.

    b.   Maintain in conjunction with their accountant records of receipts and disbursements advanced by members of the PSC and received by the PSC and report in writing to the PSC concerning disbursements and receipts.

    c.   Designate counsel to schedule depositions, set agendas and otherwise interact with defense counsel.

    d.   Coordinate discovery in *In Re: Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation, MDL No. 1699*, to the fullest extent practicable with related litigation proceeding in state court.

    e.   Coordinate and consult with plaintiffs' counsel in state court to ensure that plaintiffs in both federal and state court have access to a common document depository.

    f.   Coordinate with plaintiffs' counsel in state court where practical to avoid duplicative depositions or other inefficient discovery.

    g.   Provide periodic reports to this Court regarding the status of related litigation proceeding in state court.

18.   Trial counsel shall organize and coordinate the work of the attorneys on the trial team.

**C.    PSC Committees**

19.   The PSC is given the responsibility to create such committees and subcommittees of the PSC as are necessary to efficiently carry out its responsibilities, to designate members thereof, and to delegate common benefit work responsibilities to selected counsel (including non-members of the PSC), as may be required for the common benefit of plaintiffs. All attorneys carrying out such common benefit work who may look to any common fund or agreement for reimbursement or compensation shall

1  maintain and submit time and expense records, as this Court shall specify in a subsequent
2  Order.  All such reimbursement and compensation shall be subject to this Court's
3  approval.  Membership on the PSC is not a prerequisite to membership on a committee
4  or subcommittee created by the PSC, and the Court does not need to approve the
5  members of the various PSC committees and subcommittees.
6      20.   The Panel's September 6, 2005 Transfer Order transfers to this Court
7  actions asserting wrongful death and personal injury claims which the Panel described as
8  "products liability actions," as well as actions seeking economic damages arising from
9  the purchase of Bextra and/or Celebrex, which the Panel described as "marketing/sales
10 practices actions."
11     21.   Some of the actions transferred (or to be transferred) to this Court for
12 coordinated treatment under Paragraph 1 of this Order are proposed class actions on
13 behalf of "third party payors" (such as health and welfare funds, self-insured employers,
14 and private for-profit and not-for-profit insurers), and/or on behalf of cash paying or co-
15 paying consumers of Bextra and/or Celebrex.  The third party payors and consumers are
16 sometimes collectively referred to as "endpayors," and their claims are sometimes
17 collectively referred to as "purchase claims," to differentiate them from the wrongful
18 death and personal injury claims ("product liability claims") also included in these
19 proceedings.  Purchase claims allege violations of law in connection with the sales and
20 marketing of Bextra and/or Celebrex and seek to recover, among other things, all or a
21 portion of the purchase price paid for Bextra and/or Celebrex during the class periods
22 specified in those actions.
23     22.   The PSC may create a Purchase Claims Committee, and designate certain
24 members as Chair and as Vice-Chairs. The Plaintiffs' Liaison Counsel may designate
25 certain responsibilities to the Purchase Claims Committee, such as propounding,
26 scheduling, and conducting party and third party document and deposition discovery that
27 pertains to purchase claims, and for pleadings, briefs and arguments on merits, class, and
28 discovery-related motions and matters that pertain to purchase claims; however, the

1  Court will consider Plaintiffs' Liaison Counsel as the counsel having ultimate
2  responsibility for such activities.
3      23.   It is intended and expected by this Order that, as to all matters common to
4  the coordinated cases, and to the fullest extent consistent with the independent fiduciary
5  obligations owed by any and all putative class counsel to the proposed classes or
6  subclasses they represent, that pretrial proceedings shall be conducted by and through the
7  PSC.

## VI.   ORGANIZATION OF DEFENSE COUNSEL

9      24.   To act on behalf of all defendants with the responsibilities described
10 below, the Court appoints Amy W. Schulman to serve as Defendants' Liaison Counsel.
11 The Court may amend or expand the Defendants' Liaison Counsel upon request from
12 defendants, or on its own motion, if and as circumstances warrant.
13     25.   Defendants' Liaison Counsel is vested by the Court with the authority and
14 duty to schedule meetings of defendants and keep minutes or transcripts of these
15 meetings; to appear at periodic Court-noticed status conferences and hearings; to sign
16 and file pleadings relating to all actions; and to bind defendants in scheduling
17 depositions, setting agendas, entering into stipulations, and in other necessary
18 interactions with plaintiffs' counsel.  Defendants' Liaison Counsel shall perform other
19 necessary administrative and logistic functions and carry out any other duty as the Court
20 may order.
21     26.   Defendants' Liaison Counsel is given the responsibility to create such
22 committees and subcommittees of defendants as are necessary to efficiently carry out her
23 responsibilities and to designate members thereof.
24     27.   This designation is of a personal nature.  Accordingly, this Court looks to
25 counsel to undertake personal responsibility to perform the designated functions and
26 reserves the discretion to replace counsel, on her own request or this Court's own
27 motion, should she become unable to do so.
28     28.   Defendants' Liaison Counsel will have the following responsibilities:

    a.    Discovery

        (1)    Initiate, coordinate, and conduct all pretrial discovery on behalf of defendants in *In Re: Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation, MDL No. 1699*, in coordination with any consolidated or coordinated state court actions.

        (2)    Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all defendants.

        (3)    Cause to be issued in the name of all defendants the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation. Requests, notices, and subpoenas may be caused to be issued by Defendants' Liaison Counsel upon written request by an individual defendant in order to assist him or her in the preparation of the pretrial stages of his or her client's particular claims.

        (4)    Coordinate discovery, to the extent necessary, with MDL No. 1657, *In Re Vioxx Products Liability Litigation*, pursuant to the Panel's September 13, 2005 Order.

        (5)    Coordinate discovery to the fullest extent possible with related state court actions.

    b.    Hearings and Meetings

        (1)    Call meetings of counsel for defendants for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matters, pertaining to pretrial proceedings.

        (2)    Examine witnesses and introduce evidence at hearings on behalf of defendants.

        (3)    Act as spokesperson for all defendants at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any defendant's counsel to

present non-repetitive individual or different positions.

      c.    Miscellaneous

         (1)    Submit and argue any verbal or written motions presented to the Court on behalf of defendants as well as oppose when necessary any motions submitted by plaintiffs or other parties which involve matters within the sphere of the responsibilities of Defendants' Liaison Counsel.

         (2)    Negotiate and enter into stipulations with plaintiffs regarding this litigation.

         (3)    Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof in any case filed in this litigation.

         (4)    Perform such other functions as may be expressly authorized by further orders of the Court.

## VII. NEXT STATUS CONFERENCE

29.    Prior to the next Status Conference, Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel shall meet and confer on the following topics:

         (1)    Any case management order(s) pertaining to discovery, including the coordination of discovery between these coordinated proceedings and actions pending in state courts;

         (2)    The use of a plaintiff and defendant fact sheet;

         (3)    The creation of authorizations for, and a procedure to address, the disclosure of plaintiff-specific medical, employment, insurance, and other records; and

         (4)    A protective order.

30.    Three days prior to the Status Conference, Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel shall submit to the Court a proposed Pretrial Order No. 3 that includes proposals with respect to the above topics, together with any other proposals the parties may wish the Court to consider.

31.    Three days prior to the Status Conference, Plaintiffs' Liaison Counsel shall also submit a proposal for maintaining time records of plaintiffs' counsel. The proposal

1  may be incorporated into the proposed Pretrial Order No. 3.

2      32.    The next Status Conference is scheduled for **January 27, 2006 at 10:00 a.m.** Plaintiffs' Liaison Counsel shall work with the Court's Deputy Clerk, Barbara Espinoza, on setting up a telephone "call in" number so that counsel may monitor the Status Conference by telephone; however, any counsel who wishes to speak at the Status Conference must attend in person.

    **IT IS SO ORDERED.**

Dated: December 13, 2005

    HONORABLE CHARLES R. BREYER
    UNITED STATES DISTRICT COURT